IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LEACH,           : | |
|     Plaintiff,           : | |
|                        : | |
| v.                       : | CIVIL ACTION NO. 22-CV-1451 |
|                        : | |
| CITY OF PHILADELPHIA, *et al.*, : | |
|     Defendants.          : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                                   **MAY 11, 2022**

Plaintiff William Leach filed this civil action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, the "Prothonotary Office of Philadelphia," "John and Jane Doe Agents," the Department of Transportation ("DOT") and the American Independence Insurance Company. He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 5.) For the following reasons, the Court will grant Leach leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.        FACTUAL ALLEGATIONS**

As best as the Court can discern, Leach's Complaint concerns his efforts to restore his driving privileges. Leach alleges that he received a "series of traffic tickets from the City of Philadelphia $3,767 and a judgment for $4,993" from American Independence Insurance Company. (Compl. at 2 (spelling corrected).)[1] It is unclear from the Complaint when these events occurred. Leach appears to imply that, at some point, his driver's license was revoked, presumably in relation to the traffic tickets and judgment.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

According to Leach, DOT "[i]ntervened by proxy via enforcement agents, and outlined prerequisites for the return of [his] drivers license/privileges by way of []restoration letters dated 4/11/21 and 11/10/21." (*Id.*)  Presumably, these letters explained to Leach what he would need to do to restore his license, although he includes no allegations about the substance of these letters.  Leach then requested a new restoration letter to have DOT apply the Pennsylvania four-year statute of limitations set forth in 42 Pa. Cons. Stat. § 5525(5) (governing "[a]n action upon a judgment or decree of any court of the United States or of any state"), to its analysis of whether he was entitled to restoration of his driving privileges. (Compl. at 2.)

DOT and its agents declined to "apply" the statute of limitations in 42 Pa. Cons. Stat. § 5525(5) or issue a new restoration letter, which Leach claims violates Pennsylvania law. (*Id.*)  He filed motions to this effect — apparently in a state court case although the context is not provided — but received no response. (*Id.*)  According to Leach, the City of Philadelphia maintains a policy and practice of "ignoring" the statute of limitations and "permit[ting] its agents/officers of the court and intervenor/affiliates (PennDot) to apply their own statute of limitations, despite using the Pa Statute of limitations to dismiss suits against themselves."[2]  (*Id.*)  Leach claims that this practice violates his constitutional rights. (*Id.* at 3.)  He seeks a declaratory judgment, an injunction prohibiting DOT "from acting as an Intervenor/pleader and enforcing judgments by proxy" and damages. (*Id.* (spelling corrected).)

## II. STANDARD OF REVIEW

The Court will grant Leach leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, Leach's Complaint

---

[2] This allegation appears to refer to the manner in which the cited statute of limitations is applied to proceedings in state court concerning suspension and revocation of driving privileges.  It is unclear how the City itself, as opposed to the state courts, is responsible for this practice.

is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice to state a claim. *Iqbal*, 556 U.S. at 678. As Leach is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Leach brings claims pursuant to § 1983 based on the Defendants' failure to apply a Pennsylvania statute of limitations to its analysis of what he would have to do to restore his driving privileges. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint fails to state a claim.

**A. Claims Against the DOT and "Prothonotary Office of Philadelphia"**

States are not considered "persons" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). The DOT, as a department of the Commonwealth, shares in the Commonwealth's immunity and is not a "person" for purposes of § 1983. *Warner v. Pennsylvania*, 569 F. App'x 70, 72 (3d Cir. 2014) (*per curiam*) ("[T]he District Court properly determined that the Commonwealth of Pennsylvania and the Pennsylvania Department of Transportation were immune from Warner's suit."). The same is true for the Prothonotary's Office, which is part of the Court of Common Pleas and, thus, part of Pennsylvania's unified judicial system. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *Burford v. Delaware Cnty., Pa.*, No. 19-0577, 2019 WL 7048796, at *4 (E.D. Pa. Dec. 20, 2019) ("The Prothonotary's Office (and thus the Prothonotary in her official capacity) is part of the Delaware County Court of Common Pleas (*i.e.*, a part of the judicial system and therefore an 'arm of the state') and is not a 'person' under 42 U.S.C. § 1983."); *Malcomb v. Beaver Cnty. Pa. (Prothonotary)*, No. 13-1772, 2014 WL 3892023, at *2 (W.D. Pa. July 31, 2014), *aff'd*, 616 F. App'x 44 (3d Cir. 2015) (*per curiam*) (same). The Court will therefore dismiss the claims against these Defendants.

**B. The American Independence Insurance Company is Not a State Actor**

Leach does not explain the role of the American Independence Insurance Company in the events giving rise to his claims. The only allegation pertaining to this Defendant is that Leach

received a "judgment for $4,993" from the company. (Compl. at 2.) In any event, this Defendant does not appear to be a state actor subject to liability under § 1983.

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, it appears that American Independence Insurance Company, a private company, either obtained a judgment against Leach or paid a judgment to Leach. The Complaint fails to allege any basis from which one could infer that this Defendant could be considered a state actor subject to a § 1983 claim. Accordingly, the Court will dismiss the claims against the American Independence Insurance Company as implausible.

**C. Failure to Allege a Constitutional Violation**

Leach's Complaint is predicated on his allegation that the Defendants failed to properly apply Pennsylvania's four-year statute of limitations, *see* 42 Pa. Cons. Stat. § 5525(5), in letters to him regarding restoration of his license. He appears to be alleging that he should be entitled to the restoration of his driving privileges because the statute of limitations has expired on the

Defendants' ability to collect on his unpaid tickets and/or judgment. "[B]y its terms, § 1983 provides a remedy for violations of federal, not state or local, law." *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 99 (3d Cir. 2011); *see also Rambert v. Dist. Att'y Philadelphia*, No. 20-1593, 2022 WL 205416, at *2 (3d Cir. Jan. 24, 2022) (*per curiam*) (rejecting § 1983 claim based on government officials' failure to institute an action under state records law because the state law "does not implicate a constitutional right"). Accordingly, the alleged improper application of Pennsylvania's statute of limitations to disputes with local or state authorities does not equate to a constitutional violation on its own.

Nor has Leach alleged a plausible basis from which this Court can infer that the alleged improper application of the statute of limitations deprived him of a federal constitutional right. Leach cites the First, Fifth, and Fourteenth Amendments but does not state facts supporting a claim under those provisions. For instance, his factual allegations do not reflect how he was deprived of life, liberty, or property without due process in connection with the DOT's letters, nor do they support a plausible basis for concluding that the clauses of the First Amendment, which among other things pertain to religion, speech, and the ability to petition the government, were abridged. *See Hammonds v. Dir. Pa. Bureau of Driver Licensing*, 618 F. App'x 740, 742 (3d Cir. 2015) (*per curiam*) (affirming dismissal of amended complaint where plaintiff alleged that PennDOT relied on a "falsified" form filed by the county clerk in explaining what plaintiff would have to do to restore his driving privileges); *Williams v. Com. of Pa. Bureau of Driver Licensing*, No. 90-7881, 1991 WL 98874, at *2 (E.D. Pa. June 3, 1991) (dismissing complaint as legally frivolous: "The statutory requirement that a driver whose license was lawfully suspended—in this case for failure to respond to citations—submit a $25.00 fee to secure the return of his license is not abusive or irrational."). That is especially so considering the Court

has not found any authority indicating that the statute of limitations cited by Leach, essentially the linchpin of his lawsuit, has any applicability to the procedures governing license restoration in Pennsylvania.  Rather, Pennsylvania law provides that driving privileges may be suspended if the driver has failed to respond to traffic citations (other than for parking) or a summons in a traffic case, and that the suspension "shall continue until such person shall respond to the citation, summons or writ, as the case may be, and pay all fines, restitution and penalties imposed or enter into an agreement to make installment payments for the fines, restitution and penalties imposed provided that the suspension may be reimposed by the department if the defendant fails to make regular installment payments and, if applicable, pay the fee prescribed in section 1960 (relating to reinstatement of operating privilege or vehicle registration)."  75 Pa. Cons. Stat. § 1533.  In sum, Leach has failed to allege a plausible constitutional violation in connection with the restoration letters that failed to apply the statute of limitations, so his claims will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Leach leave to proceed *in forma pauperis* and dismiss his Complaint.  The Court concludes that amendment would be futile, so the dismissal will be with prejudice.  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**